## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | | |
|---|---|---|
| Graham Keith Jackson, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No.: 4:14-945-BHH** |
| | ) | |
| v. | ) | **Order and Opinion** |
| | ) | |
| Nationwide Insurance Company of | ) | |
| America, William C. Burris-Durham, | ) | |
| Sena N. Burris-Jackson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on the Defendant's motion to dismiss (ECF No. 5) and Plaintiff's motion to remand (ECF No. 11).  Defendant Nationwide removed this declaratory judgment action over underinsurance motorist coverage and now requests that non-diverse Defendants William C. Burris-Durham and Sena N. Burris-Jackson be dismissed as having no interest in this lawsuit, allegedly sued only to defeat jurisdiction. Plaintiff, in his motion, asks that, regardless of the propriety of the presence of those individual defendants, the Court exercise its discretion to decline jurisdiction under the Declaratory Judgment Act and remand the case to state court.  The case is related to *Nationwide v. Jackson*, Case No. 4:14-273.

### STANDARD

Federal district courts may exercise diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).  Title 28 United States Code Section 1441, known as the "removal statute," provides that a case filed in state court may be removed to federal court when it is shown by the defendant that the federal court has original jurisdiction.  *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F .3d 148, 151 (4th

Cir.1994).

Because removal raises federalism concerns, the court must carefully scrutinize the facts to ensure that removal is appropriate. *Mulcahey*, 29 F.3d at 151 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)). The party removing an action bears the burden of demonstrating that jurisdiction properly rests with the court at the time the petition for removal is filed. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Mulcahey 29 F.3d at 151 (4th Cir.1994). Removal jurisdiction is strictly construed. *Mulcahey*, 29 F.3d at 151. If federal jurisdiction is doubtful, remand is necessary. *Id.*

To be removable to federal court, a state action must be within the original jurisdiction of the district court. *See* 28 U.S.C. § 1441. District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

Fraudulent joinder is an exception to the complete diversity requirement of Section 1332. The fraudulent joinder doctrine allows a district court to disregard, for jurisdictional purposes, the citizenship of a diversity-destroying defendant, assume jurisdiction over a case, dismisses the diversity-destroying defendant, and thereby retains jurisdiction. *Mayes v. Rapport*, 198 F.3d 457, 461 (4th Cir.1999).

To show fraudulent joinder of a party, a removing party "must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transportation, Inc.*, 187 F.3d 422, 424 (4th Cir.1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir.1993)). "The party

alleging fraudulent joinder bears a heavy burden-it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 424.  The standard to be applied by the court is even more favorable to the plaintiff than the standard for granting motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 464, 466 (stating that a "glimmer of hope" for relief against the nondiverse defendant is sufficient to defeat removal jurisdiction).  In making this determination, the court is not limited to the allegations of the pleadings, but may consider the entire record and determine the basis of the joinder "by any means available." *Id.*

## DISCUSSION

The plaintiff concedes that Defendants Burris-Jackson and Burris-Durham have no interest in a declaration over Defendant Nationwide's underinsurance motorist coverage and, therefore, are not proper defendants to this lawsuit.  (Pl. Resp. Mot. Dismiss at 1, ECF No. 12.) But, the plaintiff requests that this Court first remand the case to state court, whereupon he will voluntarily dismiss them.  Their presence, as non-diverse defendants, is admitted, therefore, not to defeat the Court's diversity jurisdiction.  In his motion, however, the plaintiff still requests that the Court make a discretionary remand of the case for the state interest in its resolution.

The federal Declaratory Judgment Act grants courts discretion to decline jurisdiction, even where it otherwise exists.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 284-85 (1995).  Exercising this discretion, "Courts have been reluctant to exercise jurisdiction over declaratory judgment actions relating to state insurance issues." *Hyrne v. Allstate Ins. Co.*, 2006 WL 1889179, at *1 (D.S.C. July 7, 2006).  This discretion is specifically broader than other related abstention doctrines, including  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  *See Wilton*,  515 U.S. at 286.

3

The Court was originally concerned that *Wilton* only applies where there is a pending and related state court action. *See Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) ("When a related state court proceeding is pending . . . ."); *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) ("[W]hen a related state proceeding is underway . . . ."). "[A]t least *where another suit involving the same parties and presenting opportunities for ventilation of the same state law issues is pending in state court*, a district court might be indulging in 'gratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (citation omitted and emphasis added). But, it appears that the Fourth Circuit has viewed the pendency of a state proceeding as only one relevant consideration when exercising the Court's discretion to remand a declaratory judgment action. *See Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 824 (4th Cir. 2000) ("In contrast, the efficiency factor weighs heavily in favor of retaining jurisdiction. First, we consider it significant that there is no state action pending.") Specifically, *Coffey* suggests that the pendency of a state court action affects whether or not the four considerations, in *Nautilus Insurance Co. v. Winchester Homes*, 15 F.3d 371, 377 (4th Cir.1994), should additionally be consulted. *See Penn-Am. Ins. Co. v. Coffey*, 368 F.3d at 412; *see also Auto Owners Ins. Co. v. Pers. Touch Med Spa, LLC*, 763 F. Supp. 2d 769, 774 (D.S.C. 2011). Regardless of the precise framework, the Court would evaluate whether a discretionary remand is appropriate, notwithstanding the absence of any parallel state action.

The Fourth Circuit has developed a two part analysis for determining whether a district court should stay or dismiss a declaratory judgment action. First, a district court is directed to consider whether the action:

(i) "'will serve a useful purpose in clarifying and settling the

legal relations in issue,'" and (ii)  "'will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'"  *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 (4th Cir.1994)  (referencing *White v. National Union Fire Ins*. Co., 913 F.2d 165 (4th Cir.1990)) (citations omitted).

*Continental Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir.1994).

The relief sought by the plaintiff is not unusual since "[i]t is well established that a declaration of parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism."  *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir.1998). Additionally, the action will serve a useful purpose in settling the disputed rights under the policy between Nationwide and its insured.  *See Auto Owners Ins. Co. v. Pers. Touch Med Spa, LLC*, 763 F. Supp. 2d 769, 775 (D.S.C. 2011).  Finally, this action will provide relief by clarifying the uncertainty of whether coverage exists under the policy for the claims alleged.  *Id.*

If the analysis is contemplated to stop here under *Coffey*, for want of a state court action, the Court would exercise jurisdiction.  But, for certainty's sake, the Court would consider the second step of the prescribed analysis as well.

If the action satisfies the criteria above, which it does, the district court should, according to *Nautilus Insurance Co. v. Winchester Homes*, 15 F.3d 371, 377 (4th Cir.1994) *abrogated on other grounds* by *Wilton*, 515 U.S. 277,[1] also consider four additional and non-exclusive factors:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in state court; (2) whether the issues raised in the federal action can be more efficiently resolved in the pending state action; (3) whether the

[1]  The factors articulated in *Nautilus* with regard to to a court's exercise of discretion in a declaratory judgment action remain applicable. *See Penn–America*, 368 F.3d at 412.

> federal action in unnecessary entanglement between the
> federal and state systems due to overlapping issues of fact or
> law; (4) whether the federal action is being used merely as a
> device for "procedural fencing," i.e., to provide another
> forum in a race for res judicata. *Nautilus*, 15 F.3d at 377.

*Continental Cas. Co. v. Fuscardo*, 35 F.3d 963, 966 (4th Cir.1994). The *Nautilus* Court

emphasized the importance of considerations of comity and federalism to a district court's

decision. It pointed out:

> when a federal court is confronted with an insurer's request for
> declaratory judgment on coverage issues during the pendency
> of related litigation in the state courts, its discretion must be
> guided not only by the criteria outlined in *Quarles*, which focus
> on the general utility of the declaratory relief sought, but also
> by the same considerations of federalism, efficiency, and
> comity that traditionally inform a federal court's discretionary
> decision whether to abstain from exercising jurisdiction over
> state law claims in the face of parallel litigation in the state
> courts.

*Nautilus*, 15 F.3d at 376.

So, although not dispositive under *Wilton*, the lack of any pending state action is

plainly significant. *See Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) ("To

determine whether to proceed with a federal declaratory judgment action *when a parallel

state action* is pending, we have focused on four factors for guiding the analysis . . . ."

(emphasis added).)   And, in this case, not only is there no parallel state action, there

actually exists a companion federal case. *See Nationwide Insurance Company of America

v. Jackson*, C.A. No. 4:14-CV-273.   So, none of the efficiency issues are present that

traditionally weigh in favor of remand or the danger of unnecessary entanglement.   Chief

Judge Terry Wooten, of this District, has agreed that the State lacks a particularly strong

interest when there is no pending state court action dealing with coverage.   *Auto-Owners*

*Ins. Co.*, 763 F. Supp. 2d at 775.

The defendant contends that it plans to make novel argument related to controlling South Carolina case law, in *Peagler v. USAA Ins. Co.*, 628 S.E.2d 475, 478 (S.C. 2006), over which the State has great interest and expertise. And, while the undersigned would always and readily defer to the State's own adjudication and interpretation of its laws to the enthusiasm of this Court not to have to, the efficiency and comity elements are so lacking in the absence of a pending state action that remand seems a step too far on the facts and legal claims present in this case. The Court is competent to interpret state law, even considering the potential of some novelty on the margins here.

The Court, therefore, would not remand the matter.

## **CONCLUSION**

Based on the foregoing and the concession of the plaintiff, Defendants' motion to dismiss Defendants Burris Durham and Burris (ECF No. 5) is GRANTED. The Court, however, would not exercise its discretion to remand the matter to State Court and, therefore, the Plaintiff's motion to remand (ECF No. 11) is DENIED.

IT IS SO ORDERED.

s/Bruce Howe Hendricks
United States District Judge

August 29, 2014
Greenville, South Carolina